```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA        )
                                )
    v.                          )    CRIMINAL ACTION NO.
                                )       2:10cr186-MHT
MILTON E. MCGREGOR,             )           (WO)
RONALD E. GILLEY,               )
THOMAS E. COKER,                )
ROBERT B. GEDDIE, JR.,          )
LARRY P. MEANS,                 )
JAMES E. PREUITT,               )
QUINTON T. ROSS, JR.,           )
HARRI ANNE H. SMITH,            )
JARRELL W. WALKER, JR.,         )
and JOSEPH R. CROSBY,           )
```

### SCHEDULING ORDER

It is ORDERED as follows:

### I. Pretrial

(1) Proposed jury-selection questions are due 14 days before the first day of jury selection. In preparing proposed jury-selection questions, counsel are reminded to review the written juror questionnaires, as during the jury-selection process the court will not ask any questions already covered by the written questionnaires.

(2) Proposed jury instructions are due seven days before the first day of jury selection.

(3) Fourteen days before the first day of jury selection, the attorneys for each party are required to attend a face-to-face conference at a time and place to be mutually agreed upon.  At the face-to-face conference, the parties are to make a good-faith effort to stipulate to any facts that would shorten trial time.  The parties are to file those stipulations with the court no later than seven days before the first day of jury selection.

(4) All exhibits must be premarked (<u>e.g.</u>, "Government Exhibit 1," "McGregor Exhibit 1," etc.) and must be exchanged between the parties 28 days before the first day of jury selection.  Objections to any exhibits must be filed, with the grounds for the objections given, 21 days before the first day of jury selection.  Motions in limine must also be filed 21 days before the first day of jury selection.  Fourteen days before the first day of jury selection, counsel for the government and counsel for each defendant who has submitted an objection and a

motion in limine are to meet face-to-face to attempt to resolve all objections and motions.  Seven days before the first day of jury selection, counsel for the government and counsel for each defendant who has submitted an objection and a motion in limine are to file a jointly prepared report (a) as to which issues, in the objections and the motions are resolved and which ones remain unresolved and (b), for each and every unresolved issue, setting forth in detail the position of each side.  Any exhibit not objected to will be deemed admissible but not admitted unless stipulated to by the parties in the stipulation of facts due seven days before the first day of jury selection.

(5) One copy of each defendant's witness list and exhibit list is due to the government 21 days before the first day of jury selection.  One copy of the government's witness list and exhibit list is due to each defendant 21 days before the first day of jury selection.  Three copies of witness lists and exhibit lists and three copies of all exhibits from all parties are to be given

to the courtroom deputy, but not filed with the court, seven days before the first day of jury selection.

## II. Jury Selection

(6) Juror questionnaires will be made available to counsel one week prior to the first day of jury selection. The questionnaires will be provided in electronic format (on CD-ROM) and will be available to be picked up from the clerk's office. Prior to or at the time of picking up the questionnaires, counsel will certify to the court that they will keep confidential the information in the questionnaires and will affirmatively agree to be responsible for their receipt, review, maintenance, and destruction. Juror names will be available to counsel the Friday before the first day of jury selection.

(7) Counsel and the parties shall not reveal the contents of the questionnaires to anyone not directly involved in the litigation of this case. Upon completion of the empaneling of the jury, counsel and the parties

shall immediately destroy all copies (including electronic copies) of the questionnaires of all jurors, including the questionnaires of the jurors selected to serve.

(8) Jurors will be selected in panels of 25-30. On the first day of jury selection, three panels will be brought in for voir dire. Following the voir dire of the first three panels, counsel will strike jurors from the first three panels. Additional panels will then be brought in if necessary.

(9) The identities of the jurors shall not be revealed to the public or the press. Any contact with jurors, whether by party, counsel, press, or public will be deemed an act of contempt of this order. In the event of any contact with any juror, the court will make inquiry into how the juror information became available. Anyone violating this order will be subject to criminal contempt proceedings. See 18 U.S.C. § 401; 18 U.S.C. § 402. Counsel shall provide a copy of this order to anyone from either side having any access to the jury

questionnaires. All references to the jurors in public, including within the courtroom, shall be by juror number only.

(10) The trial jury will be partially sequestered; that is, the United States Marshals Service will be responsible for bringing the jurors to court each morning. The court will provide breakfast, lunch, and, if necessary, dinner for the jury. The court may at any time still order full sequestration.

## III. Trial Procedure

(11) At 10:00 a.m. on the Friday before the first day of jury selection, counsel for all parties are to meet in the assigned courtroom with the courtroom deputy, representatives of the United States Marshals Service, the court reporter, and the court's information-technology personnel to go over courtroom seating and where counsel may meet with their clients in private during the trial; to make sure that all exhibits are properly marked and in the hands of the courtroom deputy;

to make sure that all electronic equipment is properly working and that all counsel are fully familiar with the equipment; to be briefed on security matters; etc.  At this meeting, counsel for all parties are to have with them all personal copies of exhibits and personal technical equipment they themselves intend to use at trial, so that, the Friday before jury selection and trial, all their exhibits and technical equipment will already have been screened by court security and placed appropriately in the courtroom.

    (12)  Unless otherwise agreed to by the defendants, each defendant and his counsel will be given three seats at counsel table, two seats immediately at the table and one seat behind the two seats.  The government will be given a minimum of four seats at counsel table.  During trial, both sides are free to rotate the counsel who sit at counsel table if they choose to do so.

    (13)  There will be a limited amount of seating reserved for members of the press. Any members of the press who wish to have access to the reserved seating

must register with the United States Marshals Service 14 days before the first day of jury selection. They must provide the Marshals Service with their names, photo IDs, and authenticated press credentials. The clerk of the court is directed to send a copy of this order to the press through the standard procedures utilized by the court for notifying the press. All other seats will be open to the public on a first-come, first-serve basis.

(14)  All parties and attorneys are reminded of the court's policy on photography, broadcasting, recording, and electronic devices. This policy is available for viewing at the following court website: http://www.almd.uscourts.gov/rulesproc/genorders.htm.

(15)  Unless otherwise indicated by the court, no one will be permitted to enter or leave the courtroom during jury questioning, questioning of witnesses, attorney statements and arguments, and oral court instructions. This rule applies not only to spectators, but also to parties, attorneys, their staff, and members of the press.

(16)   Unless otherwise agreed to among the defendants, the order for jury questioning, oral arguments to the court, opening and closing statements and arguments, presentation of evidence, and cross-examination will be the order in which defendants are named in the caption on the face of the indictment.

(17)  Sidebars and objections which require argument outside the presence of the jury will be kept to a minimum and as time permits will be taken up before trial each morning, after trial each evening, during lunch, and on weekends.

(18)  If any defendant makes an objection at trial, it will be presumed that all other defendants have joined in the objection unless a defendant specifically states that he does not join in the objection or objects on different grounds.  Therefore, it will not be necessary for defendants to state at trial that they join in any objection made by another defendant.

(19)  Only one attorney for a party may question each witness, and only that attorney may make objections

during the examination of that witness by an attorney for another party.  This rule will be strictly enforced.

DONE this the 4th day of January, 2011.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE