IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10cr186-MHT |
| | ) | |
| RONALD E. GILLEY | ) | |

## MOTION TO REVOKE THE ORDER OF PRE-TRIAL RELEASE

COMES NOW the United States of America, through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Title 18, United States Code, Section 3145(a)(1), to revoke the Order of Pre-Trial release which was issued for Defendant Ronald E. Gilley on October 4, 2010. In support of this motion, the United States would show the following:

On October 1, 2010, a grand jury sitting in the Middle District of Alabama returned a 39-count Indictment against Defendant Ronald E. Gilley and ten (10) co-defendants. The Indictment charges all of the defendants with conspiracy to commit federal programs bribery and various substantive crimes.

On October 4, 2010, Defendant Gilley was arrested and appeared before this Court for his initial appearance. The defendant was represented by counsel and provided with a copy of the indictment. After advising the defendant of the charges against him, the Court advised the defendant of its intention to release the defendant on an unsecured bond of $500,000 with certain conditions.

The Court notified the defendant that a violation of any of the conditions of the bond could result in revocation of the bond. The defendant acknowledged his understanding and consented to the conditions of release through his signature on the bond. The Court entered an order releasing the defendant on pre-trial release (bond) and the defendant was allowed to leave the courthouse.

It is axiomatic that a defendant cannot commit a federal, state, or local crime during the period of release pending trial. Title18, United States Code, Section 3142(c)(A). Further, Title 18, United States Code, Section 3145(a)(1), states in pertinent part:

> The attorney for the government may file with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release ... The motion shall be determined promptly.

The United States seeks the revocation of Defendant Gilley's bond because he violated the conditions of his release. Specifically, Defendant Gilley violated condition One of the order setting conditions of his release in that he violated a federal law while on release. To wit: the defendant did knowingly offer money or a thing of value in order to corruptly persuade another person, then co-defendant Jarrod Massey, with the intent to influence, delay, or prevent the testimony of Jarrod Massey in an official proceeding and to cause or induce Jarrod Massey to withhold testimony from an official proceeding in violation of Title 18, United States Code, Section 1512(b)(1) and (2)(A).

In addition, the defendant violated the Court's additional condition of release (8)(j) in that he failed to avoid all contact, directly or indirectly, with any person who is or may become a potential witness in the investigation or prosecution, to wit: he did personally on more than one occasion, one of which occurred during the very time in which the Court was conducting a proceeding related to this case, offer money or a thing of value to Jarrod Massey and that he did so after having promised this Court to obey all conditions of release and agreeing that he was aware of the penalties and sanctions which might be imposed should he fail to abide by the conditions of his release.

Respectfully submitted this the 6th day of January, 2011.

        LANNY A. BREUER
Assistant Attorney General, Criminal Division
Attorney for the United States
Acting Under Authority of 28 U.S.C. § 515

JACK SMITH, Chief
Public Integrity Section

/s/ Peter J. Ainsworth
Peter J. Ainsworth
Senior Deputy Chief
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, NW, Suite 12100
Washington, D.C. 20005
(202) 514-1412
peter.ainsworth@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Peter J. Ainsworth
Peter J. Ainsworth
Senior Deputy Chief
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, NW, Suite 12100
Washington, D.C. 20005
(202) 514-1412
peter.ainsworth@usdoj.gov