IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cr-186-MHT |
| | ) | |
| RONALD E. GILLEY | ) | |

**ORDER**

This matter came before the Court on a *Motion to Revoke the Order of Pre-Trial Release* (Doc. 322, filed 1/06/11) alleging Defendant Ronald E. Gilley violated the conditions of his release. Inclement weather and unexpected health issues affecting Defendant Gilley and his wife precluded the Court from hearing the motion to revoke Gilley's bond until February 7, 2011. After the hearing, the Court granted the motion, revoked Defendant Gilley's release, and directed that he be detained. This Order more fully sets out the Court's reasoning.

**I. L**AW **G**ENERALLY

In accord with 18 U.S.C. § 3148, a person who has been released under 18 U.S.C. § 3142 and who violates a condition of his release is subject to revocation of release and an order of detention. *See* 18 U.S.C. § 3148(a). After a hearing, the judicial officer shall enter an order of revocation and detention if the judicial officer finds that there is (1) (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition

of release; and that (2)(A) based on the factors set forth in § 3142(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b). Further, if there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(B).

## II.  FINDINGS OF FACT

On October 1, 2010, the grand jury for the Middle District of Alabama returned a multiple-count indictment against Defendant Ronald E. Gilley ("Gilley") and ten other defendants. In short, Gilley is charged with conspiracy to defraud the United States, bribery, wire fraud, and money laundering. *See* Doc. 3, Indictment. Trial is currently set for April 4, 2012.

On October 4, 2010, Gilley made his initial appearance before the Court and was released after he agreed to follow the conditions set forth in the Order Setting Conditions of Release (Doc. 35, entered 10/4/10). On January 6, 2011, the United States filed its Motion to Revoke the Order of Pre-Trial Release (Doc. 322), which alleges Gilley committed a crime after his release, and as a corollary, Gilley had improper contact with a witness. In sum, the United States alleges that while on bond Gilley tried to bribe co-defendant Jarrod

Massey ("Massey") to ensure Massey would not testify truthfully against Gilley. On February 7, 2011, the Court convened a hearing on the Motion to Revoke the Order of Pre-Trial Release. The Court heard testimony from seven (7) witnesses.

Massey - the first witness - testified that he was a lobbyist hired by Gilley to help pass a bill during the 2010 legislative session to legalize electronic bingo in Alabama. Massey testified he met with Senator Scott Beason("Beason") and other legislators to secure passage of the bingo legislation . Massey offered Senator Beason a bribe if Senator Beason would support the bingo legislation. Beason did not take the bribe, which in turn caused Massey to think Beason might have recorded their conversation and/or was working with law enforcement. Massey called Gilley to express his concern that Beason might be working with law enforcement and to enlist help from Gilley if charges were later brought against Massey. Gilley told Massey if anyone from law enforcement ever inquired about the bribe that Massey should deny offering a bribe to Beason and claim Beason tried unsuccessfully to solicit a bribe from Massey. Gilley said he would also take care of Massey and that he would give Massey and Massey's employee Jennifer Pouncey ("Pouncey") an equity interest in his Dothan and Mississippi ventures. For Massey and Pouncey respectively the equity interest would be worth approximately $1,000,000.00 per year for the rest of their lives. Gilley included Pouncey in the offer because Pouncey knew about the attempt to bribe Beason and other bribes. Gilley and Massey thought the lie was plausible because they were unaware they were under electronic surveillance by law enforcement. Hence, they reasoned

that if Pouncey joined in their denial it would be the word of three people against one and, as a result, law enforcement would not then bring a case. Eventually, FBI agents came to Massey to ask him about his attempt to bribe Beason. Massey told the agents the lie he and Gilley agreed to tell. Later that same day, FBI agents asked Pouncey about the attempt to bribe Beason. Pouncey told the truth and began to cooperate with authorities. Pouncy told Massey that evening or the next day about her initial contact with the FBI agents. Pouncy did not tell Massey or Gilley about her decision to cooperate, but eventually Massey chose to fire Pouncy. Ultimately, Pouncy pleaded guilty to a federal information charging her with bribery related charges.

On October 4, 2010, Massey, Gilley, and nine others were arrested pursuant to an indictment returned by the Grand Jury for the Middle District of Alabama. The indictment contains bribery and bribery related charges. The Court released the defendants after they each signed unsecured appearance bonds of various amounts and their respective Order setting Conditions of Release. In pertinent part, the Order setting Conditions of Release said:

> (1) : The defendant must not violate any federal, state or local law while on release.
>
> (8)(j) The defendant must avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution.

On October 15, 2010, the Court arraigned Gilley, Massey and all the other defendants in the indictment. Massey testified during the revocation hearing that while in the courthouse at arraignment, Gilley cornered him, got in his face and said "the eagle is about to land."

Massey understood Gilley to mean that his equity interest would still be viable if he stuck with their initial plan to lie about the offer to bribe Beason.

On October 21, 2010, Massey met with FBI Special Agent Keith Baker ("Agent Baker"). During the debriefing Massey told Agent Baker the truth about his attempt to bribe Senator Beason. On December 15, 2010, Gilley, Massey, and all the other defendants were in court for a pretrial conference. During a break, Gilley told Massey "things were looking good for Mississippi" and something was coming in the next week. Massey told Agent Baker about this second encounter during debriefings on January 5, 2011.

The Court also heard testimony from Special Agent Eric Doell ("Agent Doell") and Gilley's IT employee Kelvin Seldon ("Seldon") regarding Gilley's purchase and use of disposable, pre-paid cell phones, also referred to as tracphones. The testimony reveals that on multiple occasions in the middle of 2010, Gilley had Seldon buy a tracphone for Gilley to use. Agent Doell also testified that Gilley used these phones in an attempt to circumvent law enforcement.

The United States also presented testimony from Agent Baker along with audiotape recordings made from court ordered wiretaps. The audiotapes are consistent with the testimony from Massey earlier in the hearing that Gilley would take care of him. Further testimony related to Gilley's continued use of tracphones during the course of the investigation.

Defendant Gilley presented two witnesses - United States Probation Officer David

Conoly ("Officer Conoly") and Dr. James McQueen ("Dr. McQueen"). In short, Officer Conoly discussed the effectiveness of conditions already imposed on Gilley, the use of the GPS tracking system, and its capabilities. Dr. McQueen is the treating physician for Diedra Gilley - Defendant Gilley's wife. He discussed her recent health issues, treatment, and prognosis.

After reviewing all the testimony and evidence, the Court finds credible the testimony from Massey that Gilley in essence tried to corruptly buy his testimony before and after Gilley signed the Order Setting Conditions of Release. The Court finds some of the testimony presented by Seldon to be credible, but does not find credible his responses that he could not recall certain information. The Court finds that though the impact on the Gilley family may be significant and regrettable, it is not sufficient to alter the judgment of the Court.

### III. CONCLUSIONS OF LAW

After due consideration of the testimony and arguments presented at the scheduled hearing on the *Motion to Revoke the Order of Pre-Trial Release*, the Court finds (1) pursuant to 18 U.S.C.§ 3148(b)(1)(A), there is probable cause to believe the Gilley violated federal law by attempting to bribe Massey to testify falsely, and (2) pursuant to 18 U.S.C.§ 3148(b)(1)(B), there is clear and convincing evidence that Gilley violated condition (8)(j) which required Gilley to avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution. As there is

probable cause to believe that, while on release, Gilley violated the law, the rebuttable presumption arises that no condition or combination of conditions will assure he will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2)(B). Defendant Gilley did not present sufficient evidence to overcome the presumption and the Court further finds that based on the factors set forth in 18 U.S.C. 3142(g), there is no condition or combination of conditions of release that will assure that the defendant does not pose a danger to the safety of any other person or the community. The Court finds that the continued release of defendant Gilley would pose a danger that he will continue to engage in corrupt behavior to thwart the ends of justice.

Accordingly, it is, for good cause, **ORDERED** that the pretrial Order Setting Conditions of Release (Doc. 35, entered 10/4/10) is hereby **REVOKED** and the Defendant is **REMANDED** to the custody of the United States Marshal for detention pending further proceedings.

DONE this 14th day of February, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE