IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>MILTON E. McGREGOR,  )<br>RONALD E. GILLEY,  )<br>THOMAS E. COKER,  )<br>ROBERT B. GEDDIE, JR.,  )<br>LARRY P. MEANS,  )<br>JAMES E. PREUITT,  )<br>QUINTON T. ROSS, JR.,  )<br>HARRI ANNE H. SMITH,  )<br>JARRELL W. WALKER, JR.,  )<br>and JOSEPH R. CROSBY  ) | CRIMINAL ACTION NO.<br>2:10cr186-MHT<br>(WO) |

<u>OPINION AND ORDER</u>

This cause is before the court on the motions to continue trial and to amend the scheduling order filed by defendants James E. Preuitt, Ronald E. Gilley, Thomas E. Coker, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Larry P. Means.  Defendants Milton E. McGregor, Robert B. Geddie, Jr., Harri Anne H. Smith, and Joseph R. Crosby have not filed such motions. Jury trial for all defendants is now set for April 4, 2011.  Most or all of the moving defendants want the trial continued to September 2011.  For the reasons set forth below, the

motions will be granted as to all defendants, both moving and nonmoving, but only to the extent the trial for all defendants will be reset for June 6, 2011.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a

2

continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and all defendants in receiving a trial on the currently scheduled date.

First, the moving defendants have demonstrated that, notwithstanding their best efforts, they will need additional time to review and analyze the evidence, including more than 50 hours of Title III wiretap recordings, so that they may provide an effective defense for their clients.  See § 3161(h)(7)(B)(i).  A continuance to June 6 is sufficient for review of all evidence in this case by all defendants.

3

Second, the court recognizes that a large number of pre-trial motions have been filed. These motions appear to involve complex and novel questions of law. All the parties, including the nonmoving defendants as well as the government, agree that, without a continuance, it will not be possible for the court to consider properly any objections that might be raised by the parties in response to the magistrate judge's recommendations as to these motions. See § 3161(h)(7)(B)(ii). A continuance to June 6 is sufficient for adequate consideration of all pretrial matters in this case.

Third, because, as the court finds, the period of delay resulting from a continuance for the moving defendants is "reasonable," § 3161(h)(6), that period is excludable not only for them but for the nonmoving defendants as well under the Speedy Trial Act. See id.

Finally, while the court was concerned that a continuance would be especially contrary to Gilley's interests, given that he is currently incarcerated,

4

Gilley has notified the court that his interests would be better served by the granting of a continuance.

Accordingly, it is ORDERED as follows:

(1) Defendants James E. Preuitt, Ronald E. Gilley, Thomas E. Coker, Quinton T. Ross, Jr., Jarrell W. Walker, Jr., and Larry P. Means's motions to continue trial and to amend the scheduling order (doc. nos. 449, 483, 484, 505, 524, 543) are granted as to all defendants, both moving and nonmoving.

(2) The jury selection and trial for defendants Milton E. McGregor, Ronald E. Gilley, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby, now set for April 4, 2011, are reset for June 6, 2011, at 10:00 a.m., at the federal courthouse in Montgomery, Alabama.  <u>Counsel for all defendants are reminded that, with the continuance of the trial date, all the deadlines in the scheduling order</u>

5

**(doc. no. 316), which are expressly tied to the trial date, are adjusted accordingly.**

DONE, this the 23rd day of February, 2011.

                                                /s/ Myron H. Thompson
                                        **UNITED STATES DISTRICT JUDGE**