```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

           MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA     )
                             )
     v.                      )    CRIMINAL ACTION NO.
                             )       2:10cr186-MHT
MILTON E. McGREGOR,          )          (WO)
RONALD E. GILLEY,            )
THOMAS E. COKER,             )
ROBERT B. GEDDIE, JR.,       )
LARRY P. MEANS,              )
JAMES E. PREUITT,            )
QUINTON T. ROSS, JR.,        )
HARRI ANNE H. SMITH,         )
JARRELL W. WALKER, JR.,      )
and JOSEPH R. CROSBY         )
```

## OPINION AND ORDER

Defendants Milton E. McGregor, Ronald E. Gilley, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby have been charged in a 39-count indictment, which includes charges of federal programs bribery, extortion, money laundering, making a false statement, obstruction of justice, and conspiracy to commit federal programs bribery.

This matter is now before the court on the motions for severance filed by McGregor, Geddie, Means, Ross, Smith, and Walker.  Each of the moving defendants requests that he or she be severed from all other defendants.  An inquiry into whether severance should be granted requires two determinations: (1) whether joinder has been proper under Rule 8(b) of the Federal Rules of Criminal Procedure; and (2) whether joinder would be prejudicial under Rule 14 of the Federal Rules of Criminal Procedure.  The court concludes, first, that there has not been misjoinder under Rule 8 and, second, that the current record does not warrant the conclusion that joinder of the moving defendants with the others for trial would be unduly prejudicial.  The motions to sever will therefore be denied.

I.

Count one of the indictment charges all ten defendants with conspiracy to commit federal programs

2

bribery, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B) & (a)(2). Counts two through five, eight, ten, thirteen, and fifteen charge McGregor, Gilley, Coker, Geddie, Smith, and Walker with federal programs bribery, in violation of 18 U.S.C. § 666(a)(2), although different defendants are listed in each count. Counts six, seven, nine, eleven, twelve, fourteen, and sixteen charge Means, Preuitt, Ross, Smith, and Crosby with federal programs bribery, in violation of 18 U.S.C. § 666(a)(1)(B), although different defendants are listed in each count. Counts seventeen through twenty-two charge Means, Preuitt, Ross, and Smith with extortion, in violation of 18 U.S.C. § 1951, although a different defendant is listed in each count. Counts twenty-three through thirty-three charge all ten defendants with honest services fraud, in violation of 18 U.S.C. §§ 1341, 1343 and 1346. Counts thirty-four through thirty-seven charge Gilley and Smith with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Count thirty-eight charges

Preuitt with making a false statement, in violation of 18 U.S.C. § 1001(a)(2). Finally, count thirty-nine charges Geddie with obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2).

## II.

Rule 8(b) of the Federal Rules of Criminal Procedure states:

> "Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

Fed. R. Crim. P. 8(b). Therefore, "[f]or joinder to be proper defendants must have participated in the 'same series of acts or transactions.'" United States v. Holloway, 971 F.2d 675, 679 (11th Cir. 1992) (quoting Fed. R. Crim. P. 8(b)).

4

"Rule 8(b) is a pleading rule and joinder under Rule 8(b) is to be determined before trial by examining the allegations contained in the indictment." United States v. Morales, 868 F.2d 1562, 1567 (11th Cir. 1989). See also United States v. Bryan, 843 F.2d 1339, 1342 (11th Cir. 1988) ("A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment[.]"). Further, "Rule 8(b) is to be construed liberally in favor of joinder." Bryan, 843 F.2d at 1342.

"In order to meet the 'same series of acts or transaction' requirement of Rule 8(b) the government must demonstrate that the acts alleged are united by substantial identity of facts and/or participants." Holloway, 971 F.2d at 679 (internal quotations omitted). "Each participant need not participate in all acts or even know the other participants' roles in the ventures." Id. (internal quotations omitted). "Therefore, joinder under Rule 8(b) is proper where ... an indictment charges multiple defendants with participation in a single

conspiracy and also charges some but not all of the defendants with substantive counts arising out of the conspiracy." United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001) (internal quotations omitted); see also United States v. Badia, 827 F.2d 1458, 1466 (11th Cir. 1987) ("Joinder of defendants is appropriate where the indictment contains a single conspiracy that has been charged in good faith.").

Looking at the indictment as a whole, the court is convinced that the charges and allegations demonstrate that all ten defendants "participated ... in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). There is also no evidence whatsoever of bad faith on the part of the government in charging all the defendants together. Under Rule 8(b), the defendants were properly charged in the same indictment.

III.

Even if joinder is proper under Rule 8(b), however, a severance may still be required under Rule 14 if joinder would be unduly prejudicial.  Rule 14(a) of the Federal Rules of Criminal Procedure states:

> "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed. R. Crim. P. 14(a).

"The general rule in [the Eleventh Circuit] is that defendants who are jointly indicted should be tried together, and this rule has been held to be particularly applicable to conspiracy cases."  United States v. Castillo-Valencia, 917 F.2d 494, 498 (11th Cir. 1990), cert. denied, 499 U.S. 925 (1991).  A district court has wide discretion to temper this general rule with consideration of the possible prejudice to the defendants so joined and to balance the public interest in judicial

7

efficiency and economy against the rights of the defendants to a fair trial. United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988). A denial of severance will be considered erroneous only where a defendant can show that a joint trial has caused him to suffer "actual, compelling prejudice." United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009). In other words, "severance should only be granted when the jury could not make an individualized determination as to each defendant's culpability, and render a fair and impartial verdict." Badia, 827 F.2d at 1466. This burden cannot be carried through "mere conclusory allegations." United States v. Hogan, 986 F.2d 1364, 1375 (11th Cir. 1993).

First, each of the moving defendants argues that there will be compelling prejudice if they are all tried together because the evidence against other defendants will effectively spillover, such that the jury will have insurmountable difficulty distinguishing the acts of the various defendants. As the Eleventh Circuit observed, "A

8

disparity in the quantum of proof ... justifies severance only in the most extreme cases, as when a cautionary instruction could not furnish a cure." United States v. Harrell, 737 F.2d 971, 976 (11th Cir. 1984), cert. denied, 470 U.S. 1027 (1985). Thus, for the court to grant the moving defendants' motion for severance on this ground, it must be convinced that they will suffer "compelling prejudice" caused by the alleged evidentiary spillover, which will effectively preclude the jury's ability to make the necessary individualized determinations. See United States v. Johnson, 713 F.2d 633, 640 (11th Cir. 1983), cert. denied sub nom. Wilkins v. United States, 465 U.S. 1081 (1984). The court is not so convinced.

Second, and relatedly, Geddie, Means, Ross, and Smith argue that the indictment alleges separate conspiracies, rather than a single conspiracy. They contend that it will be difficult for the jury to attempt to recall and segregate what was alleged and proven as to each

defendant.  The court disagrees.  The indictment does allege one conspiracy, rather than multiple conspiracies.  Of course, if at trial a question should arise as to whether the actual evidence fails to establish just one conspiracy, the court, on motion, will revisit this issue.

Third, Smith argues that the court should grant a severance so that she may use testimony from co-defendants that would otherwise not be available to her.  Where a defendant argues for severance on the ground that it will permit the exculpatory testimony of a co-defendant, she must show: (1) a bona-fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial.  United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999).  Smith has not met these requirements.

Fourth and finally, all of the moving defendants argue that the case should be severed for logistical reasons, contending that overcrowding will prejudice them. For example, they worry that they will not be able to consult meaningfully with their attorneys during the trial. The court is confident its facilities will adequately accommodate all participants as well as spectators and will allow a fair and efficient trial for all defendants. Any logistical concerns are unfounded.

***

Accordingly, it is ORDERED that defendants Milton E. McGregor, Robert B. Geddie, Jr., Larry P. Means, Quinton T. Ross, Jr., Harri Anne H. Smith, and Jarrell W. Walker, Jr.'s motions for severance (doc. nos. 362, 414, 465, 477, 504, 519) are denied.

DONE, this the 2nd day of March, 2011.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**