IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL ACTION NO. |
| ) | 2:10cr186-MHT |
| MILTON E. McGREGOR,       ) | (WO) |
| RONALD E. GILLEY,         ) | |
| THOMAS E. COKER,          ) | |
| ROBERT B. GEDDIE, JR.,    ) | |
| LARRY P. MEANS,           ) | |
| JAMES E. PREUITT,         ) | |
| QUINTON T. ROSS, JR.,     ) | |
| HARRI ANNE H. SMITH,      ) | |
| JARRELL W. WALKER, JR.,   ) | |
| and JOSEPH R. CROSBY      ) | |

OPINION AND ORDER

Defendants Milton E. McGregor, Ronald E. Gilley, Thomas E. Coker, Robert B. Geddie, Jr., Larry P. Means, James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, Jarrell W. Walker, Jr., and Joseph R. Crosby have been charged in a 39-count indictment, which includes a charges of conspiracy to commit federal-programs bribery.

This matter is now before the court on the motions for a James hearing filed by Gilley, Coker, Means, and Ross. Gilley and Means also ask that the government be

required to disclose in advance of trial all co-conspirator statements it plans to offer against them pursuant to Federal Rule of Evidence 801(d)(2)(E).

Rule 801(d)(2)(E) provides the circumstances under which out-of-court statements by alleged co-conspirators may be admitted at trial.  A co-conspirator statement is considered an admission by a party opponent and is admissible if offered against a party and if it is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."  Fed. R. Evid. 801(d)(2)(E).

In United States v. James, 590 F.2d 575 (5th Cir. 1979), the former Fifth Circuit Court of Appeals set out the procedure for determining whether a co-conspirator statement meets the requirements of Rule 801(d)(2)(E). (In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.)  Under James, the government bore the burden of proving the existence of an underlying conspiracy by "substantial" evidence "independent of the hearsay declarations of the coconspirators."  James, 590 F.2d at 580-581.  The court's determination of whether the government has met its burden could be made pretrial during a hearing outside the presence of the jury, or a statement could be admitted subject to the requirement that the government will "connect it up" by the end of trial, that is, will establish a proper foundation for the admission of the statement.  Id. at 581-82.  But, under James, the "preferred" order of proof was a pretrial hearing "whenever reasonably practicable," wherein the trial court would assess the evidence of a conspiracy before admitting co-conspirator statements, id. at 582, though the Eleventh Circuit Court of Appeals has later re-emphasized that such hearings are not mandatory.  United

States v. Espino-Perez, 798 F.2d 439, 441 (11th Cir. 1986).

The practical underpinnings to James's pretrial-hearing preference, were significantly undermined by the Supreme Court's ruling in Bourjaily v. United States, 483 U.S. 171 (1987).  There, the Court held, contrary to what was said in James, that the government need prove the preliminary facts establishing a conspiracy only by a preponderance of the evidence and that the statements sought to be admitted could themselves be examined as evidence of the underlying conspiracy.  Id. at 176, 181.  Rule 801 was subsequently revised to incorporate the Bourjaily ruling, stating: "The contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered."  Fed. R. Evid. 801(d)(2).  Currently, "[f]or evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a

4

preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." United States v. Hasner, 340 F.3d 1261, 1274 (11th Cir. 2003).

The moving defendants essentially assert three grounds for holding a James hearing: (1) the number of defendants charged; (2) the complex nature of the allegations, including the charge that there was one overarching conspiracy; and (3) the voluminous discovery. They argue that the government should be required to "connect up" the charges and evidence to each defendant before allowing in alleged co-conspirator statements. The government responds that holding a pretrial James hearing is no longer the norm in the Eleventh Circuit and that it would be more efficient to admit the statements, subject to their being connected up by the close of the government's evidence.  The government also notes that

5

the court will be able to instruct the jury properly as to what evidence it may consider in relation to each defendant. (Because, unlike at the time James was decided, jury instructions are usually now given not only orally but in writing, with the jurors able to consult the written instructions throughout their deliberations, this curative measure takes on more practical meaning.)

Having considered the submissions of both parties as well as the record developed so far as a whole, the court concludes that a James hearing is not necessary in this case, for the court can adequately address the moving defendants' evidentiary concerns during the trial itself. See United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984) (holding that a separate James hearing was not required and it was not error to decide the James issue after the government had introduced the statements into evidence). Further, if in fact more than one conspiracy is established by the government's evidence, as the defendants contend, the court can adequately address, and

if necessary provide appropriate redress for, that issue during trial.

As for the requests by Gilley and Means that the government disclose all statements it plans to offer against them pursuant to Rule 801(d)(2)(E) in advance of trial, the court is unaware that the defendants have not received all required discovery from the government.  In addition, Gilley and Means cite no rule or precedent for their request.

***

Accordingly, for the foregoing reason, it is ORDERED that the motions for a <u>James</u> hearing, etc., filed by defendants Ronald E. Gilley, Thomas E. Coker, Larry P. Means, and Quinton T. Ross, Jr. (Doc. Nos. 478, 496, 497, and 507), are denied.

DONE this the 18th day of March, 2011.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**