IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:10cr186-MHT |
| | ) | |
| RONALD E. GILLEY | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are Defendant Gilley's Motion to Dismiss For Failure to Inform the Jury (Doc. #488) and brief in support (Doc. #489), and his Motion to Dismiss Count One - Conspiracy (Doc. #492). The Government filed Responses to Gilley's Motions (Docs. #605 & 603), respectively. For the reasons that follow, the undersigned RECOMMENDS that the Motions be DENIED.

**I.    DISCUSSION**

    *A.    Motion to Dismiss For Failure to Inform the Jury.*

In this Motion, Gilley argues that "where a campaign contribution is at issue, Federal Programs and Honest Services Bribery require an explicit *quid pro quo*, and neither statute contains the requirement of an explicit *quid pro quo* in the text of the statute. Thus, where a campaign contribution is at issue, Federal Programs and Honest Services Bribery may not be charged merely in the statutory language, but must include the explicit *quid pro quo* element." Gilley Brief (Doc. #489) at 2. Gilley argues that because of the *quid pro quo* requirement in a Hobbs Act prosecution, as announced in *McCormick v. United States*, 500 U.S. 257 (1991), a *quid pro quo* requirement must be read into the federal programs and

honest services charges and fully set forth in the Indictment. Gilley concludes that the indictment's failure to include an explicit *quid pro quo* is its undoing.

There are "two constitutional requirements for an indictment: first, that it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, that [it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce,* 549 U.S. 102, 108 (2007).

Gilley's request that the court apply the pleading standard of the Hobbs Act, an act prohibiting extortion by public officials, to the charges he faces under the federal programs and honest-services bribery statutes is a stretch. Beyond that, the Court of Appeals for this Circuit, as Gilley concedes, has recently addressed the issue of a *quid pro quo* requirement under 18 U.S.C. § 666 (federal programs bribery). In *United States v. McNair*, 605 F.3d 1152, 1188 (11th Cir. 2010), the Court stated as follows: "we now expressly hold there is no requirement in § 666(a)(1)(B) or (a)(2) that the government allege or prove an intent that a specific payment was solicited, received, or given in exchange for a specific official act, termed a quid pro quo." Gilley describes the *McNair* decision as "violating the separation of powers doctrine," and an expansive reading of the statute which "also violates due process by unforeseeably broadening the reach of a criminal statute." Gilley Brief (Doc. #489) at 10-11. This court, bound to follow the precedent of this circuit,[1] does not agree with Gilley's

---

[1] "[O]nly the Supreme Court or this Court sitting en banc can judicially overrule a prior panel decision." *United States v. Marte*, 356 F.3d 1336, 1344 (11th Cir.2004).

opinion of the *McNair* decision.

Gilley also makes a tepid argument in support of his position that the honest-services charges require an explicit *quid pro quo* element, stating only that "the Honest Services Bribery charge is an improvement over the Federal Programs Bribery charge because it at least uses the word 'bribery.' However, the Honest Services charge does not include the explicit quid pro quo element." *Id*. at 9. As the Government points out, post-*Skilling*, "at least one court in the Eleventh Circuit has refused to import a *quid pro quo* requirement into the honest services doctrine. *United States v. Nelson*, 2010 WL 4639236 at *2 (M.D. Fla. Nov. 8, 2010) (examining the Supreme Court's decision in *Skilling []* and finding that "the Court is not prepared to find that an honest services mail fraud charge alleging a bribery scheme requires identifying a quid pro quo as an element of the offense")." Resp. (Doc. #605) at 3-4.

Moreover, even were the court to assume that the *McCormick* (Hobbs Act), standard of pleading was required for the bribery charges in this case, it has been met. "Put simply, [*Evans v. United States*, 504 U.S. 255 (1992)] instructed that by 'explicit,' *McCormick* did not mean express." *United States v. Blandford*, 33 F.3d 685, 696 (6th Cir. 1994).[2] Without rehashing the sordid allegations, the Indictment provides an explicit *quid pro quo* scheme within the bribery charges, where it alleges that Gilley, in connection with others, offered bribes in various forms to Alabama state legislators in exchange for the passage of favorable

---

[2] For a further discussion of this, see this court's contemporaneous Recommendation regarding Defendant Ross's Motion to Dismiss Hobbs Act charges.

3

legislation.

Accordingly, the court can find no basis in law or fact for the granting of this motion.

### B.     *Motion to Dismiss Count One - Conspiracy.*

In this Motion, Gilley argues that, while "[t]he Indictment in this case charges a single massive, overarching conspiracy to corrupt the Alabama Legislature," Motion (Doc. #492) at 1, the substance of the charges contains "multiple, distinct conspiracies alleged in which certain groupings of Co-Conspirators are alleged to have conspired together to corrupt certain Alabama Legislators and staff." *Id*. at 2. Gilley goes on to set forth the several requirements for proof at trial for a conspiracy conviction regarding the "knowing," "agreement," and "unlawful" elements. *Id*. at 3. He also points out that "there must be 'concert of action' namely, a 'common decision and a common activity for a common purpose.'" *Id*. (quoting *Dennis v. United States*, 384 U.S. 855, 860 (1966)). The Government agrees with this, stating as follows:

> As defendant Gilley correctly notes, a material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment alleging only a single conspiracy. United States v. Seher, *562* F.3d 1344, 1364(11th Cir. 2009). To determine whether a jury can find a single conspiracy, as opposed to multiple conspiracies, three factors must be considered: (1) whether the defendants shared a common goal; (2) the nature of the underlying scheme; and (3) the overlap of participants. United States v. Huff, 609 F.3d 1240, 1243 (11th Cir. 2010). "The existence of separate transactions does not have to imply separate conspiracies if the co-conspirators acted in concert to further a common goal. . . Each co-conspirator thus does not have to be involved in every part of the conspiracy." *Id*.

Resp. (Doc. #603) at 1. The Government goes on to state that at trial it intends to introduce

4

evidence in support of the single conspiracy charge. The issue before this court is not whether the Government can prove each element or even whether the facts as alleged "suggest" multiple conspiracies instead of a single conspiracy.[3] *See* Gilley Brief (Doc. #492) at 4 ("If anything, the allegations in the overt acts suggest multiple conspiracies – to bribe specific legislators, not the entire Alabama legislature – all of which have been pled under a single count."). Gilley's argument that, based on his reading, the facts of the Indictment "suggest" multiple conspiracies does not equate with a shortcoming in the Indictment. The Indictment alleges a common goal, that is, the passage of favorable legislation, and alleges a common underlying scheme, to bride legislators through lobbyists and bribe a drafter of legislation. Further, the indictment sets forth the acts of Gilley in concert with other conspirators, and "[e]ach co-conspirator thus does not have to be involved in every part of the conspiracy." *United States v. Huff*, 609 F.3d 1240, 1243 (11th Cir. 2010).

Accordingly, applying the standards for indictments as set forth above, the court finds the Indictment is sufficient.

## II.   CONCLUSION

For the reasons stated above, the Magistrate Judge RECOMMENDS that the Motion to Dismiss For Failure to Inform the Jury (Doc. #488) and the Motion to Dismiss Count One - Conspiracy (Doc. #492) be DENIED.

Further, it is

---

[3] Gilley's arguments in this regard are more properly asserted post-trial.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **by April 18, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 4th of April, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE