IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:10cr186-MHT |
| MILTON E. McGREGOR, | ) | (WO) |
| RONALD E. GILLEY, | ) | |
| THOMAS E. COKER, | ) | |
| ROBERT B. GEDDIE, JR., | ) | |
| LARRY P. MEANS, | ) | |
| JAMES E. PREUITT, | ) | |
| QUINTON T. ROSS, JR., | ) | |
| HARRI ANNE H. SMITH, | ) | |
| JARRELL W. WALKER, JR., | ) | |
| and JOSEPH R. CROSBY | ) | |

## OPINION AND ORDER

Of the ten defendants in this criminal case, seven--Milton E. McGregor, Ronald E. Gilley, Robert B. Geddie, Jr., James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, and Joseph R. Crosby--have filed motions requesting that their trial jurors be drawn district-wide rather than from one of the district's divisions. The ten defendants have been charged in a 39-count indictment, which includes charges of federal-programs bribery, extortion, money laundering, making a

false statement, obstruction of justice, and conspiracy to commit federal-programs bribery.

For the reasons that follow, the seven defendants' motions for a district-wide rather than a division jury will be denied.


## I.

The Middle District of Alabama covers 23 counties and is divided into three divisions: the Northern Division, the Eastern Division, and the Southern Division.  Because this case was filed in the Northern Division it is set for trial in, with jurors drawn from, that division pursuant to the first sentence of § 16(b) of the court's jury plan.  This sentence provides that, "Jury trials shall be held in the division in which the case is filed, and petit jurors from the division shall be drawn from the Qualified Jury Wheel."

The moving defendants request jury selection from the district at large, that is, from all three divisions,

rather than solely from the Northern Division.  As the basis for their motions, they rely on § 16(b)'s third sentence, which provides as follows: "Upon motion of the parties or upon the court's own motion, a presiding judge may direct that the names of petit jurors be drawn randomly from the division in which the trial is held or from the District at large without regard to divisional proportionality."  The moving defendants construe this sentence as giving the trial judge the discretion to allow jury selection from the district at large in any case simply "[u]pon motion of the parties."  The moving defendants have, however, misinterpreted this sentence by taking it out of context.

Section 16(b) provides in full as follows:

> "Jury trials shall be held in the division in which the case is filed, and petit jurors from the division shall be drawn from the Qualified Jury Wheel.  If for reasons of security or other good cause, a presiding judge determines that a case will be tried in Montgomery, the jurors for that petit jury shall be drawn from the Division in which the case is filed.  Upon motion of the

> parties or upon the court's own motion,
> a presiding judge may direct that the
> names of petit jurors be drawn randomly
> from the division in which the trial is
> held or from the District at large
> without regard to divisional
> proportionality."

The court reads these three sentences, when viewed together in the context of § 16(b), to provide: (1) that juries "shall be drawn" from the division where the trial is filed and held; (2) but that a trial may be moved to Montgomery for security reasons or other good cause, with the case still retaining a jury selected from the division where it was originally filed; and (3) that, if a trial is moved, the parties may request a jury drawn from the division where the trial is held (that is, Montgomery), rather than where it was filed, or from the district at large.   The third sentence, therefore, modifies the preceding sentence, with the result that a party may move for district-wide jury selection only when a trial has been moved to Montgomery for reasons of "security or other good cause."

This interpretation of § 16(b) is the most sensible one for several reasons.  First, the third sentence permits parties to move either for "jurors [to] be drawn ... from the division in which the trial is held" or for district-wide jury selection.  The first option to draw from the division where a trial is held makes little sense unless the trial has been moved to Montgomery pursuant to the second sentence.  Because the first sentence requires that jurors come from the division where the case is filed and the trial held, there would be no reason to request, in the run-of-the-mine case, a jury from the division where the trial is held.  The third sentence makes sense only if it applies after a case has been moved to Montgomery pursuant to the second sentence.  Thus, when, pursuant to sentence two, a trial is moved to Montgomery for security reasons or good cause with the jury still drawn from the district in which the case was filed, the parties may, pursuant to sentence three, request jury selection from the new division "in

5

which the trial is held" (that is, from Montgomery). Or, in the same instance, the parties may also request a jury drawn from the district at large.

Second, if the trial judge had, in the run-of-the-mine case, the unrestricted latitude to select juries from the district at large, such unbridled discretion would directly contradict § 16(b)'s first sentence.  The first sentence mandates that jurors "shall be drawn" from the division in which the case is filed and held, subject to sentence two's narrow exception that cases filed in the Eastern or Southern Division may be transferred to Montgomery "for reasons of security or other good cause," with the jury still drawn from the original division, unless the court, pursuant to sentence three, authorizes a jury drawn from the new division or district-wide. Thus, a trial judge must follow the first sentence's mandate except in the narrow instance where the trial judge has moved a trial from the Eastern or Southern

Divisions to Montgomery "for reasons of security or other good cause."

The reasoning behind the second sentence's provision for transfer "for reasons of security or other good cause" would be self-evident to anyone who has visited the courthouses in the Eastern Division (Opelika, Alabama) and the Southern Division (Dothan, Alabama). Unlike the Northern Division, these two divisions have courthouses that are small with very limited security. These courthouses could not accommodate trials with a large number of parties or trials that otherwise required more courtroom and other space than that provided.  Also, in criminal cases where it is necessary that two or more in-custody defendants or witnesses be kept in separate cells, this cannot be done because the courthouses have only one cell each.

Finally, the moving defendants' broad reading of the third sentence, as untethered to the first sentence's general mandate and the second sentence's specific and

7

narrow exception to that mandate and as giving the trial judge discretion to select a jury district-wide as the mood struck, would be at odds with the goals of randomness and impartiality in the court's jury plan. The plan was developed pursuant to the Jury Selection and Service Act, which provides that "all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at <u>random</u> from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861 (emphasis added). This court has a long history, documented in a number of reported cases, of reworking its jury plan to reach the goal of randomness in its jury-selection process and thereby decrease not only racial discrimination but even the opportunity for such discrimination. <u>See, e.g.</u>, <u>United States v. Carmichael</u>, 467 F.Supp.2d 1282 (M.D. Ala. 2006) (Thompson, J.), <u>aff'd</u>, 560 F.3d 1270 (11th Cir. 2009), <u>cert. denied</u>, 130 S.Ct. 1093 (2010); <u>United States v. Clay</u>, 159 F.Supp.2d

8

1357 (M.D. Ala. 2001) (Thompson, J.); <u>United States v.</u>
<u>Holstick</u>, 875 F.Supp. 795 (M.D. Ala. 1994) (Thompson,
J.), <u>aff'd</u>, 178 F.3d 1302 (11th Cir.) (table), <u>cert.</u>
<u>denied</u>, 528 U.S. 886 (1999).   Therefore, the plan
attempts to limit the opportunity for non-specific
discretion (and thus the specter as well as the actuality
of discrimination) as much as is reasonably possible.  To
read the third sentence as giving the trial judge
unchecked discretion to move from a division jury to a
district-wide jury (with possibly different demographics,
including racial makeup, as a result) would be at odds
with the plan's goals of randomness and impartiality.
<u>Cf</u>. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 346 (2003)
(criticizing the potential for racial discrimination from
the unrestricted use of a "jury shuffle" procedure in
<u>voir dire</u>).

II.

Moreover, even if the court had unconditional authority under § 16(b)'s third sentence, as the moving defendants contend, to move from a division jury to a district-wide jury, the court would exercise that authority to deny the defendants' motions.

The moving defendants suggest that pretrial publicity may have tainted the jury pool in the Northern Division. They also contend that jury selection from the district at large is appropriate because the case is of general importance to residents throughout the district in that the government's allegations involve substantial business interests in the Southern and Eastern Divisions and one of the defendants serves as a senator in the Southern Division.

In opposing the motions, the government argues that there has been extensive publicity regarding the case throughout Alabama, not just in the Northern Division. In the government's view, the motions are designed to

10

procure a jury pool with a higher percentage of the defendants' friends, neighbors, and constituents.

The moving defendants' stated reasons for district-wide jury selection are unpersuasive. There is no evidence that the extent of publicity in the Northern Division regarding the case exceeds that in the Eastern and Southern Divisions. In addition, the moving defendants' reasoning is internally inconsistent. They contend, on the one hand, that jurors further from Montgomery are more likely to be impartial and, on the other hand, that jurors outside the Northern Division should be included in the jury pool because they are most affected by the bingo legislation. This argument portrays jurors outside the Northern Division as simultaneously more impartial and more interested in the outcome of the case.

In any event, the moving defendants' argument boils down to the simple contention that they would <u>prefer</u> a jury drawn district-wide; they have provided no suitable

evidence that a _fair and impartial_ jury cannot be drawn from the Northern Division.  _Cf_. Fed. R. Crim. P. 21 (a "court must transfer the proceeding ... to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there"); _cf. also_ _Skilling v. United States_, ___ U. S. ___, ___, 130 S.Ct. 2896, 2912 (2010) ("The Sixth Amendment secures to criminal defendants the right to trial by an impartial jury.").

As stated, pursuant to the Jury Selection and Service Act, "all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  28 U.S.C. § 1861.  It is well established that both district-based and division-based jury selections comport with the Sixth Amendment right to trial by a fair and impartial jury randomly drawn from a

12

fair cross-section of the community.  See Ruthenberg v. United States, 245 U.S. 480, 482 (1918); United States v. Grisham, 63 F.3d 1074, 1081 (11th Cir. 1995).  The moving defendants have not identified and articulated how a jury drawn from the Northern Division would deny them a fair and impartial trial.  The court, therefore, sees no basis to draw the jury district-wide.

                                    ***

     Accordingly, it is ORDERED that the motions to draw the names of petit jurors from the district at large (doc. nos. 375, 379, 401, 415, 459, 468, and 476), filed by defendants Milton E. McGregor, Ronald E. Gilley, Robert B. Geddie, Jr., James E. Preuitt, Quinton T. Ross, Jr., Harri Anne H. Smith, and Joseph R. Crosby, are denied.

     DONE, this the 8th day of April, 2011.

                              ___/s/ Myron H. Thompson___
                              UNITED STATES DISTRICT JUDGE